THE STATE OF OHIO, APPELLEE, *v.* KELLY, APPELLANT.

[Cite as State v Kelly (1974), 44 Ohio App. 2d 40.]

(Nos. 4555 and 4565—Decided November 8, 1974.)

*Mr. Lee C. Falke,* prosecuting attorney, *Mr. Randal A. Anderson, Jr.* and *Mr. John V. Spalla,* for appellee.

*Messrs. Coolidge, Wall, Matusoff, Womsley & Lombard* and *Mr. Ronald S. Pretekin,* for appellant.

TROOP, P. J. Defendant Robert Wayne Kelly, the appellant, herein, was indicted along with two others, April 8, 1974, by the Grand Jury of Montgomery County, for "a violation of R. C. 2911.12 (A), trespass in an occupied structure, a dwelling house, on or about January 17, 1974, with purpose to commit a theft offense." The accused entered a plea of not guilty, April 22, 1974, waived his right to a trial by jury, May 28, 1974, and a trial was held by the court on that date. A judgment was entered by the trial court on June 4, 1974, finding Kelly guilty as charged and later the sentence was imposed. This appeal was taken from that judgment.

Defense counsel elect to support the appeal by providing questions of law which, in effect, present the argument

that the trial court erred in not sustaining a motion filed May 23, 1974, to dismiss the charge. It presents the nub of this matter in the following language:

"* * * for the reason that the State of Ohio has failed to comply with the requirements of Section 2945.71(C) (2), Ohio Revised Code and that he therefore is entitled to such discharge pursuant to Section 2945.73 (B), Ohio Revised Code."

Defendant contends that his motion to dismiss should have been sustained in that R. C. 2945.71 requires that the accused, who was confined to jail without a chance to make bond because he was a parole violator, be brought to trial within 90 days after his arrest. The record shows the arrest took place on March 1, 1974, and trial was held on May 28, 1974, a period of 88 days.

Kelly was placed in jail on February 5, 1974, as a parolee who had violated his parole. Using that date as the date of "arrest" for the felony, 112 days passed to the date of the trial. Counsel for defendant argues that the jailing of Kelly by his parole officer was in fact an arrest, an investigation of the offense by the sheriff's office having started prior to that time, with interviews of the accused taking place on January 25, 1974, and February 6, 1974, while he was in jail.

The arrest warrant was, however, issued March 1, 1974. An indictment followed on April 8, 1974, an arraignment was held April 26, 1974, and the trial took place May 28, 1974. Counting the time from March 1, 1974, trial occurred in 88 days, which was in accordance with R. C. 2945.-71.

The trial court considered the motion and overruled it by an entry filed May 28, 1974. The court, in its entry, states "jail time must commence on February 5, 1974," and it "appears that the jail time exceeds the ninety-day statutory rule by a few days."

Notwithstanding this conclusion, the court continues and provides the basis for the overruling of the motion: "[B]ut the time does not exceed the six-month rule of the Supreme Court of Ohio." The reference is to the Ohio

Supreme Court's Superintendence Rule 8(B), which reads as follows: .

"All criminal cases shall be tried within six months of the date of arraignment on an indictment or information."

This trial was clearly within the six-month period.

Section 5, Article IV, Ohio Constitution, authorizing the rule-making power of the Supreme Court, states in subparagraph (B):

. "All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

The rule noted became effective October 22, 1973. There is grave doubt, in any event, whether the action of the parole officer in the instant case constituted an arrest in the ordinary sense of the term. R. C. 2967.15 deals specifically with parole violations. It provides authority for dealing directly, and especially, irrespective of ordinary criminal procedure, with a parole violator. The pertinent part of the section reads as follows:

"Whenever any parole officer has reasonable cause to believe that any parolee under the supervision of the authority has violated the terms and conditions of his pardon or parole, such parole officer may arrest such parolee * * *."

For the reasons advanced, the assignments of error offered by defendant in support of his appeal, as presented in the formal argument, are found to be not well taken and are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and REILLY, JJ., concur.

TROOP, P. J., STRAUSBAUGH and REILLY, JJ., of the Tenth Appellate District, sitting by designation in the Second Appellate District.