The STATE of Ohio, Appellee,

v.

COLLINS, Appellant.

[Cite as *State v. Collins* (1993), 91 Ohio App.3d 10.]

Court of Appeals of Ohio,
Lucas County.

No. L–92–214.

Decided Sept. 30, 1993.

*Thomas G. Pizza,* Lucas County Prosecuting Attorney, and *Thomas N. Tom-czak,* Assistant Prosecuting Attorney, for appellee.

*Penny H. Nasatir,* for appellant.

---

*Per Curiam.*

This is an appeal from the May 27, 1992 judgment of the Lucas County Court of Common Pleas, which found appellant, Vance Collins, guilty of the offenses of aggravated burglary, R.C. 2911.11 with gun specification; rape, R.C. 2907.02; and felonious sexual penetration, R.C. 2907.12. Appellant appeals on the following assignments of error:

"First Assignment of Error

"The court committed reversible error by denying defendant's motion to dismiss for lack of speedy trial.

"Second Assignment of Error

"Admission of the testimony surrounding a grey jacket was highly prejudicial to appellant.

"A. Admission of the testimony was a violation of Ohio Evidence Rules 403 and 404(B).

"B. The cautionary instruction given by the court was insufficient to ameliorate the prejudice caused by allowing the jury to hear testimony about an entirely unrelated crime.

"C. It was plain error to refuse to declare a mistrial when objects were discovered in the pocket of the jacket, objects which had not been admitted into evidence, after the jacket had been taken into the jury room during deliberation.

"Third Assignment of Error

"Substitution of another judge to hear closing arguments and issue jury instructions constituted plain error."

The following facts and procedure are pertinent to this appeal. Brenette Orr testified that, on November 30, 1991, she was raped and her apartment was burglarized. Orr described the attacker as being a light-skinned black male wearing an Afro haircut, approximately five foot, ten inches in height and weighing one hundred fifty pounds. On the night of the rape, she also noted, the intruder was wearing a grey leather jacket. At that time, she gave no other identifying description of the perpetrator, except to note that she had seen his hands on the doorway of her bedroom and during the attack she did not notice any facial hair.

On December 10, 1991, appellant was arrested at a burglarized home, on a charge of breaking and entering. He was found in the attic of the residence, was taken into custody, and held on bond, pending indictment.

On December 17, 1991, a police detective spoke with Orr concerning her attacker. Orr was shown a photo array of four suspects, from which she chose a photo of appellant as the perpetrator of the rape and burglary.

On December 19, 1991, appellant was indicted by a grand jury on the following charges arising out of three separate incidences:

1. R.C. 2911.02—robbery

2. R.C. 2911.11—aggravated burglary with firearm specification, R.C. 2929.71

3. R.C. 2907.02(A)(2)—rape, with firearm specification

4. R.C. 2907.12—felonious sexual penetration, with firearm specification

5. R.C. 2911.11—aggravated burglary

6. R.C. 2923.24—possession of criminal tools with offense of violence

Count 1 referred to an incident on November 21, 1991. Counts 2 through 4 refer to the incidents involving Orr on November 30, 1991, and Counts 5 and 6 refer to the burglary incident to appellant's arrest on December 10, 1991.

Appellant's trial was originally set for February 27, 1992. However, defense counsel requested a short continuance of five days until March 3, 1992. On March 3, 1992, appellant pled guilty under *North Carolina v. Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, to Count 5 of the indictment, aggravated burglary, in violation of R.C. 2911.11. The court accepted that plea and noted on the docket, "defendant's other counts continued for pre-trial to Thursday, May 14, 1992, and trial on Tuesday, May 19, 1992, at 9:00 a.m. Bond continued."

On March 27, 1992, appellant was sentenced and committed to the Correctional Reception Center at Orient, Ohio, for a period of not less than five years, nor more than twenty-five years, as to Count 5.

On May 19, the first day of trial and prior to the start of the proceedings, appellant filed a motion to dismiss for lack of speedy trial, which the court denied. Trial was continued until May 21, when the jury returned a verdict of guilty on Counts 2 through 4.

Appellant was sentenced on May 27, subsequently modified on May 29, to serve concurrently with each other, ten to twenty-five years for each of Counts 2, 3, and 4, and with three years' actual incarceration for the firearm specification. Sentences were to be served consecutively to any other sentences imposed.

Appellant asserts, in his first assignment of error, that the trial court committed reversible error by denying appellant's motion to dismiss for lack of a speedy

trial. We find, for several reasons, that appellant's right to a speedy trial was violated.

Under the Sixth and Fourteenth Amendments to the United States Constitution, a criminal defendant is guaranteed the fundamental right to a speedy trial. *State v. Ladd* (1978), 56 Ohio St.2d 197, 10 O.O.3d 363, 383 N.E.2d 579. R.C. 2945.71 states, in pertinent:

"(C) A person against whom a charge of felony is pending:

" * * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest. * * *

" * * *

"(E) For purposes of computing time under divisions (A), (B), (C)(2) and (D) of this section, each day during which the accused is held in jail *in lieu of bail on the pending charge* shall be counted as three days. * * *" (Emphasis added.)

If the accused is not brought to trial within the proscribed limits, R.C. 2945.73(B) then provides that:

"Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged * * *."

If an accused is arrested and in jail when charged with another unrelated offense, for the purposes of R.C. 2945.71, the arrest date for the second offense occurs on the date the warrant was issued. See *State v. Kelly* (1974), 44 Ohio App.2d 40, 73 O.O.2d 24, 335 N.E.2d 729, syllabus. The triple-count provision of R.C. 2945.71(E) applies to a criminal defendant in jail in lieu of bail and charged with multiple counts under a single indictment, if all counts are to be tried in a single trial. *State v. Bowman* (1987), 41 Ohio App.3d 318, 535 N.E.2d 730, paragraph two of the syllabus. When a defendant demonstrates that either two hundred seventy days or ninety triple-count days have elapsed, he has established a *prima facie* case for dismissal under R.C. 2945.73(B). *State v. Geraldo* (1983), 13 Ohio App.3d 27, 28, 13 OBR 29, 30, 468 N.E.2d 328, 330.

In the present case, appellant was arrested on December 10, 1991, for a breaking and entering offense on that same date. On December 19, 1991, a warrant was issued regarding the offenses related to the Orr rape and burglary. Also, on December 19, 1991, a grand jury indicted appellant on six counts. The indictment contained charges relating to three separate and unrelated events.

The record shows that, for the purposes of trial, all six counts were charged under a single indictment. The prosecution clearly elected to indict appellant in a single indictment containing unrelated incidents. The prosecution further elected

not to move to sever under Crim.R. 14. The trial court also treated all counts as part of the same case. Therefore, the prosecution may not choose, on appeal, to treat the offenses as having been severed. Thus, we shall compute the time under R.C. 2945.71 for the breaking and entering offense from December 10, 1991, the original date of arrest. See *Bowman, supra.* For computing time for Counts 1 through 4, we shall use December 19, 1991, the date the warrant was issued for said offenses. Further, since appellant was in jail in lieu of bond after December 10, 1991, while all charges were pending trial, the triple-count requirement of R.C. 2945.71(E) applies.

Accordingly, beginning with December 19, 1991, the date the warrant was issued for the rape incident and other charges, up until May 19, 1992, appellant was held in lieu of bond for one hundred fifty-two triple-counted days, far exceeding the maximum ninety-day limit. Thus, appellant has established a *prima facie* case for discharge. The state then has the burden of proving that some portion of the time was tolled to establish that appellant was brought to trial in compliance with the speedy trial requirements.

The time under R.C. 2945.71 may be extended or tolled under certain circumstances. R.C. 2945.72, which provides for extensions of time for trial, states:

"The time within which an accused must be brought to trial, or, in the case of felony, to a preliminary hearing and trial, may be extended only by the following:
" * * *

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion * * *."

A trial court may extend the time for trial as long as the continuance is reasonable. *State v. McRae* (1978), 55 Ohio St.2d 149, 153, 9 O.O.3d 118, 121, 378 N.E.2d 476, 479; *State v. Lee* (1976), 48 Ohio St.2d 208, 209, 2 O.O.3d 392, 393, 357 N.E.2d 1095, 1096; *State v. Davis* (1976), 46 Ohio St.2d 444, 75 O.O.2d 498, 349 N.E.2d 315. The trial court must enter the order of continuance under R.C. 2945.72(H) and the reasons therefor by journal entry, prior to the expiration of the time limits for trial proscribed in R.C. 2945.71. *State v. Mincy* (1982), 2 Ohio St.3d 6, 2 OBR 282, 441 N.E.2d 571, syllabus.

In a journal entry meeting the minimum requirements, the trial court:

"(1) *Must* record such a continuance;

"(2) *Must* identify the party to whom the continuance is chargeable; and

"(3) *Must* indicate briefly the underlying reasons necessitating the continuance.

"If, in granting a continuance, the trial court is acting *sua sponte*, its journal entry *must* so indicate and *must* set forth the reasons justifying the *sua sponte* continuance. Time elapsing during the period of any continuance not so recorded will be charged against the state for the purposes of computing time under R.C. 2945.71 *et seq.*" (Emphasis *sic.*) *State v. Geraldo, supra*, paragraph four of the syllabus.

With the above exceptions and requirements in mind, we shall now compute which days may be charged to the defendant.

The first exception appears when defense counsel requested a five-day continuance on February 27, 1992. The journal entry states that a continuance until March 3, 1992 was granted, "at defendant's request." Although somewhat cursory and vague, the entry suffices in establishing the bare minimum in recording the continuance and identifying the party requesting the continuance, which we shall also interpret as the reason for such continuance. Therefore, from February 27, 1992 through March 2, 1992, the time for trial was tolled for five days.

On March 3, 1992, appellant pled guilty to Count 5, the original breaking and entering charge for which he was arrested on December 10, 1991. The court accepted the plea and continued for trial *all other counts*, until May 19, 1992. The court also continued the $60,000, no ten-percent bond.

█ This journal entry, however, does not meet the *Geraldo* requirements. The court did record the continuance, but failed to establish who made the request or the reasons for such continuance. Therefore, the ensuing time remains chargeable to the state. Subtracting five days charged to the defendant, we calculate that the ninety triple-count day limit ended on March 22, 1992. Since appellant was not brought to trial until May 19, 1992, the mandates of R.C. 2945.71 were violated.

Appellee also contends that appellant was being held on other charges and, thus, R.C. 2945.71 does not apply. We do not agree.

█ Crim.R. 32(A) provides that "pending sentence, the court may commit the defendant or continue or alter the bail." A defendant has no constitutional right to bail after judgment of conviction. *In re Thorpe* (1936), 132 Ohio St. 119, 7 O.O. 224, 5 N.E.2d 333, paragraph one of the syllabus; *In re Halsey* (1931), 124 Ohio St. 318, 178 N.E. 271, paragraph one of the syllabus. The release on bail of an accused, pending appeal or sentencing, is discretionary with the court. *Lessin v. McFaul* (1992), 62 Ohio St.3d 417, 418, 583 N.E.2d 1306, 1307. Prior to sentencing, no order of commitment exists and the defendant is still, in effect, being held for the pending charge. If a court chooses to continue a bond for a defendant, pending sentence for one conviction, even while awaiting trial on

remaining charges, an accused who remains in jail is still being held "in lieu of bail."

In the present case, the trial court continued appellant's bail, pending sentencing, and even thereafter. We agree that once appellant was sentenced on March 27, 1992, and committed to the correctional facilities in Orient, Ohio, appellant was no longer in jail "in lieu of bond." Had appellant been able to post bond at this point, he would not have been released, since he was incarcerated as part of his sentence for the breaking and entering conviction.

However, according to the record, the court chose to continue bail between the conviction and date of sentencing. Therefore, appellant's days in jail in lieu of bond continued until March 27, 1992. The triple-counted days for *all* counts remaining in the single indictment ended, for purposes of R.C. 2945.71, on March 22, 1992. Accordingly, appellant's motion to dismiss, which was timely filed, should have been granted by the trial court.

The Ohio Supreme Court has held repeatedly that the requirements of R.C. 2945.71 and 2945.73 are "mandatory and must be strictly adhered to by the state." *State v. Butcher* (1986), 27 Ohio St.3d 28, 31, 27 OBR 445, 447, 500 N.E.2d 1368, 1370; *State v. Cross* (1971), 26 Ohio St.2d 270, 55 O.O.2d 495, 271 N.E.2d 264, paragraph one of the syllabus; *State v. Gray* (1964), 1 Ohio St.2d 21, 30 O.O.2d 12, 203 N.E.2d 319, paragraph one of the syllabus.

Therefore, we find that appellant's right to a speedy trial under R.C. 2945.71 was violated and appellant's first assignment of error is found well taken. All remaining assignments of error are thus rendered moot.

The decision of the Lucas County Court of Common Pleas is hereby reversed, and appellant's convictions as to Counts 2, 3, and 4 are overturned pursuant to R.C. 2945.73(B) and App.R. 12(B). Court costs assessed to appellee.

*Judgment accordingly.*

GLASSER, P.J., HANDWORK and SHERCK, JJ., concur.