OPINION
On November 27, 1999, appellant was charged with speeding, driving under the influence, and possession of drug paraphernalia. At his request, his arraignment was continued from December 1, 1999, to December 29, 1999. Following arraignment, trial was scheduled for February 28, 2000.
On January 27, 2000, the State moved to continue the trial, as a State witness was unable to attend on that date. The court granted the motion, continuing the trial from February 28 to March 13. On February 25, the court sua sponte continued the trial from March 13, to April 3, on the basis that the trial judge was unavailable on March 13. On March 16, the State again moved to continue on the basis that a witness was unavailable on April 3. The court granted this continuance, and continued the trial until May 4. On April 4, the State again moved to continue on the basis that a witness was unavailable on May 4. This motion to continue was granted, and the case was set for trial on May 22. On April 12, the State again moved to continue on the basis that a witness was unavailable on May 22. The court granted the motion, continuing the trial until June 26, 2000.
Appellant moved to dismiss the charges on the basis that he was not brought to trial within 90 days pursuant to R.C. 2945.71(B)(2). The court overruled the motion. Appellant then entered a plea of no contest to the charges.
He assigns a single error on appeal:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BASED ON THE STATE'S FAILURE TO BRING HIM TO TRIAL WITHIN 90 DAYS AS REQUIRED BY OHIO'S SPEEDY TRIAL STATUTES. R.C. 2945.
R.C. 2945.72 (H) provides that the time within which an accused must be brought to trial may be extended by the period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the motion of the accused. The trial court must enter the order of continuance pursuant to R.C. 2945.72 (H), and the reasons for the continuance, by journal entry filed prior to the expiration of the time limit set forth in R.C. 2945.71. State v. Mincy
(1982), 2 Ohio St.3d 6, syllabus. In a journal entry meeting the minimum requirements, the trial court must record the continuance, identify the party to whom the continuance is chargeable, and briefly indicate the underlying reasons necessitating the continuance. State v. Collins
(1993), 91 Ohio App.3d 10, 15.
In the instant case, all continuances were journalized before the expiration of the speedy trial time had run. In addition, the court set forth in each journal entry the reason for the continuance and the fact that the continuance was reasonable pursuant to R.C.2945.72 (H). The court's judgment entries clearly complied with the legal requirements for extending the time within which the accused must be brought to trial.
Appellant argues that while the judgments set forth the necessity of the continuances, the record does not contain any justification for the specific length of the continuances or the new trial dates selected. In each entry, the court set the new trial date within two to four weeks of the prior trial date. While the total length of the numerous continuances extended the time period to four months from the original trial date, and six months from arraignment, the individual length of each continuance was not unreasonable.
The assignment of error is overruled.
The judgment of the Licking County Municipal Court is affirmed.
Gwin, P.J., Wise, J., and Edwards, J., concur
 JUDGMENT ENTRY
CASE NO. 00CA00058
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Municipal Court is affirmed.