DECISION AND JUDGMENT ENTRY
This matter is before the court upon appellant David Taylor's reopened appeal, in which he contends that the decision of the Lucas County Court of Common Pleas finding him guilty of drug charges and witness intimidation should be reversed because he was denied his right to a speedy trial. Because in his original appeal appellant was denied effective assistance of appellate counsel in regard to his speedy trial issue, we find that the decision of the Lucas County Court of Common Pleas should be vacated in part.
The facts of this case are fully set out in our decision disposing of the original appeal. See State v. Taylor (Feb. 11, 2000), Lucas App. No. L-98-1375, unreported. In his fifth assignment of error in the original appeal, appellant argued that his speedy trial rights were violated. On the day of trial, appellant had filed a motion to sever and a motion to dismiss based upon, among other things, a speedy trial violation. Defense counsel stated to the court:
 "[J]ust for the record, as far as the speedy trial time is concerned, I would have to further look at the records to see what the prior counsel had filed. I think that's not necessarily dispositive right at this moment. There is no need to rule on that. I just wanted to have that filed before trial."
After considering the motions, the trial court stated, "We shall proceed on all counts today." In our February 11, 2000 decision, we stated,
 "In this case, though appellant filed a combined `Motion to Dismiss' and `Motion to Sever' based upon, among other things, speedy trial, it appears from the record that he withdrew the motion to dismiss on the morning of trial. * * *. Nevertheless, considering this assignment of error on the merits, we hold that the assignment of error is not well-taken, as appellant failed in his burden to submit the part of the record showing a speedy trial violation."
After our February 11, 2000 decision, appellant filed a motion to reopen his appeal pursuant to App.R. 26(B). In that motion, appellant claimed that his trial counsel was ineffective in "forfeiting" appellant's speedy trial claim and that his appellate counsel was ineffective in "forfeiting" the same claim by failing to transmit the portion of the record that would have allowed this court to rule on this assignment of error. We held that appellant's motion was well-taken as to his ineffective assistance of appellate counsel claim, and we ordered the appeal reopened and assigned counsel to appellant. Appellant's new counsel supplemented the record with various trial court documents that would permit us to consider the speedy trial issue, and the case is now before us to determine: (1) whether appellate counsel was ineffective in failing to transmit those portions of the record to us during the first appeal; and (2) if so, whether appellant was denied his right to a speedy trial. Appellant sets forth the following assignment of error:
 "DEFENDANT-APPELLANT'S CASE WAS PREJUDICED AS A RESULT OF INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO TRANSMIT TO THIS COURT THE FULL RECORD NECESSARY TO DEMONSTRATE THAT HE HAD BEEN DENIED HIS RIGHT TO A SPEEDY TRIAL"
The Supreme Court of Ohio has held that courts should apply a two-part test to determine ineffective assistance claims. According to the Supreme Court:
 "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." State v. Bradley (1989), 42 Ohio St.3d 136, at paragraph two of the syllabus, certiorari denied (1990), 497 U.S. 1011, citing State v. Lytle (1976), 48 Ohio St.2d 391, vacated in part (1978), 438 U.S. 910; Strickland v. Washington (1984), 466 U.S. 668, rehearing denied (1984), 467 U.S. 1267.
The court must defer to the strong presumption that counsel's performance falls within the wide range of reasonable professional performance.Bradley, 42 Ohio St.3d at 142. Even if counsel's performance falls outside the objective standard of reasonable representation, the court shall not reverse unless counsel's ineffectiveness resulted in prejudice. Id. In order to show prejudice warranting reversal, the defendant must show that there is a reasonable probability that, but for counsel's ineffectiveness, the outcome of the proceeding would have been different. Id., quoting Strickland, 466 U.S. at 694.
Since a case will only be reversed due to ineffective assistance of counsel when that ineffectiveness resulted in prejudice, we must determine whether appellant's speedy trial rights were, indeed, violated. If these rights were not compromised, any ineffectiveness in "forfeiting" the speedy trial claim would not require reversal.
The right to a speedy trial is guaranteed by the United States and Ohio constitutions. State v. Adams (1989), 43 Ohio St.3d 67, 68. The speedy trial provisions of the Ohio statutes must be strictly construed against the state. Village of Ottawa Hills v. Afjeh (June 23, 2000), Lucas App. No. L-99-1074, unreported. When an accused demonstrates a prima facie case of a speedy trial violation by showing that the trial was held beyond the time limit set by the statute, the burden shifts to the state to show that some statutory exception or exceptions tolled the time.Id.
Former R.C. 2945.71(C) provided, in pertinent part:
"A person against whom a charge of felony is pending:
"* * *.
 "(2) Shall be brought to trial within two hundred seventy days after his arrest.
"* * *.
 "(E) For purposes of computing time under divisions (A),(B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * *."
"* * *."
Certain events, however, toll the running of time. R.C. 2945.72
provides, in pertinent part,
 "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
"* * *.
 "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]"
"* * *."
Before reaching the merits of the speedy trial claim, some background about the charges against appellant is necessary. Though appellant was eventually tried under one indictment in case number CR98-2201, that one indictment arose out of three separate cases. The prosecutor entered anolle prosequi as to each of those separate cases; the prosecutor then reindicted appellant in one indictment that combined the three previous cases and added a new charge. Specifically, in the indictment upon which appellant was eventually tried, Count Four was originally case number CR97-3355. The indictment in case number CR97-3355 was filed on December 4, 1997, and it included a charge for trafficking in cocaine with a major drug offender specification as a result of the November 7, 1997 controlled buy. We shall refer to case number CR97-3355, Count Four of the last indictment, as Case 1.
Count Five of the indictment upon which appellant was eventually tried was originally case number CR98-1123. The indictment in CR98-1123 was filed on January 23, 1998, and it included a charge of witness intimidation for an incident on December 18, 1997. We shall refer to CR98-1123, Count Five of the last indictment, as Case 2.
Counts Two and Three of the indictment upon which appellant was eventually tried were originally case number CR98-1863. The indictment in case number CR98-1863 was filed on May 13, 1998, and it included charges for two counts of trafficking in cocaine, one as a result of the October 31, 1997 controlled buy and one as a result of the November 4, 1997 controlled buy. We shall refer to case number CR98-1863, Counts Two and Three of the last indictment, as Case 3.
Finally, Count One of the indictment upon which appellant was eventually tried was a new charge alleging a violation of the state RICO law. The predicate acts for this count included a 1994 conviction for trafficking in drugs, a 1994 conviction for drug possession, and the acts alleged in Counts Two through Five of the last indictment. Count One was subsequently dismissed after the state presented its case at trial. We shall refer to the last indictment, filed on July 8, 1998 in case number CR98-2201, as Case 4.
Because the indictment on which appellant was tried began as separate cases and were only combined after the separate cases were nolled, we must calculate the speedy trial times for each separate case until the time it was nolled. We must then calculate the speedy trial time for the last indictment, Case 4, and add it to the calculation for the separate cases. The two calculations together may not exceed two-hundred seventy days. See State v. Stephens (1977), 52 Ohio App.2d 361, 371-372. See, also, State v. Bonarrigo (1980), 62 Ohio St.2d 7, 11.
To resolve a speedy trial claim, three questions must be resolved: (1) when the time begins to run; (2) whether (and how) the triple-count provision applies; and (3) whether any events occurred that would toll the speedy trial time.
First, speedy trial time begins to run when an accused is arrested for the offense in question. R.C. 2945.71(C)(2). However, the actual day of the arrest does not count. State v. Steiner (1991), 71 Ohio App.3d 249,250-251. When an accused is already in jail on an unrelated charge, the speedy trial time begins to run when the warrant on the new charge is issued. State v. Collins (1993), 91 Ohio App.3d 10, 14, appeal dismissed (1994), 68 Ohio St.3d 1470. Finally, when an accused is indicted on one charge and later indicted on another, if the two indictments stem from the same set of facts or if the state knew of the facts for the second indictment at the time the first indictment, the same speedy trial time runs for both indictments, even though one of them is filed later. Statev. Baker (1997), 78 Ohio St.3d 108, syllabus, reconsideration denied (1997), 78 Ohio St.3d 1517; Adams, 43 Ohio St.3d at 68.
In this case, appellant was arrested on November 7, 1997 on drug charges stemming from the three controlled buys, even though he was indicted separately — on December 7, 1997 for the November 7, 1997 buy and on May 13, 1998 for the October 31, and November 4, 1997 buys. Since the state knew of all of the facts necessary for the May 13 indictment at the time it filed the December 7 indictment, the same speedy trial time applies to both indictments, see Baker, 78 Ohio St.3d 108, at syllabus, and it begins to run on the day of appellant's arrest, November 7, 1997, see R.C. 2945.71; Halcomb v. Eckle (1959),110 Ohio App. 208, 209-210; United States v. Marion (1971), 404 U.S. 307,321. On the other hand, since the state did not know of the facts leading to the indictment for witness intimidation, the speedy trial time for that charge did not begin to run until January 23, 1998, the date the warrant was issued for that indictment. See Collins,91 Ohio App.3d at 14.
Second, we must consider whether (and how) the triple-time provision applies. Though an individual accused of a felony must ordinarily be brought to trial within two hundred seventy days, R.C. 2945.71(C)(2), if the accused is held in jail in lieu of bail solely on the pending charge, each day in jail counts for three days for speedy trial purposes (the so-called "triple count provision"). See R.C. 2945.71(E). Therefore, if an accused is held in jail for the entire time from arrest to trial, he must be brought to trial within ninety days.
In this case, the state argues, and appellant does not seriously dispute, that the record is not entirely clear about when appellant was initially in and out of jail. However, the record is clear that appellant was in jail on Case 1 at least from January 14, 1998 until July 23, 1998. Therefore, in Case 1 and Case 3 (since the same speedy trial time runs for both cases), appellant will receive triple-time credit from January 15, 1998 until his release on July 23, 1998 (one hundred eighty-nine days x three = five hundred sixty-seven days). The days before this period of incarceration (the sixty-seven days from November 7, 1997 until January 14, 1998) count singly, as do the days from appellant's release on July 23, 1998 until trial on August 18, 1998 (twenty-five days). Therefore, in Case 1 and Case 3, appellant's total time spent waiting for trial is six hundred fifty-nine days, three hundred eighty-nine days over the two hundred seventy day limit. Therefore, appellant has shown a prima facie case of a speedy trial violation. See State v. Prim (1999), 134 Ohio App.3d 142, 157; State v.Price (1997), 122 Ohio App.3d 65, 68.
In Case 2, (witness intimidation) since appellant was already in jail on an unrelated charge, his speedy trial time begins to run when the warrant was issued in that case. However, since appellant was not held in jail in Case 2 solely on this charge (he was in jail on Case 1), he is not entitled to triple-time credit. See R.C. 2945.72. Counted singly, the days from the time the warrant was issued (January 23, 1998) and the time of trial (August 18, 1998) is two hundred eight days, well within the two hundred seventy day statutory limit. Accordingly, appellant has not made out a prima facie showing of a speedy trial violation as to Case 2, witness intimidation.
Third, we must consider whether any exceptions toll the speedy trial time. Here, since appellant has established a prima facie case as to Cases 1 and 3, the burden shifts to the state to show that a statutory exception or exceptions tolled the time. State v. Butcher (1986),27 Ohio St.3d 28, 30-31; Village of Ottawa Hills, supra. Pertinent to this case, R.C. 2945.72(H) provides that speedy trial time is tolled where the accused requests a continuance or where the state or the court requests a continuance and that continuance is reasonable. However, the continuance must be recorded appropriately in a journal entry. To meet the minimum requirements, the court:
"(1) Must record such a continuance;
 "(2) Must identify the party to whom the continuance is chargeable; and
 "(3) Must indicate briefly the underlying reasons necessitating the continuance." Collins, 91 Ohio App.3d at 15, quoting State v. Geraldo (1983), 13 Ohio App.3d 27, 30-31.
However, courts have held that when the accused requests a continuance, it is enough to note in the journal entry that the continuance was at the defendant's request; the journal entry need not state the "reason" for the request. See State v. Baker (1993), 92 Ohio App.3d 516, 530-531;Stamps, 127 Ohio App.3d at 224. The rationale for this holding is that the accused is presumed to know the reason for a continuance he, himself, requested. Id. at 225. On the other hand, since continuances requested by the state or the court must meet the test of reasonableness, see R.C. 2945.72(H), a journal entry recording a continuance requested by the state or by the court must state the reason for the continuance. See State v. Mincy (1982), 2 Ohio St.3d 6, syllabus (regarding sua sponte continuances); State v. Stamps,127 Ohio App.3d at 224.
In this case, appellant requested several continuances, and both the court and the prosecutor requested continuances. We will evaluate these continuances as we compute the speedy trial time for each case. Since appellant was brought to trial three hundred eighty-nine days over his speedy trial limit in Cases 1 and 3, his speedy trial rights were violated unless three hundred eighty-nine days of continuances are chargeable to him.
I. SPEEDY TRIAL CALCULATION FOR CASE 4
No continuances were requested by either party in Case 4. Therefore, none of the time in Case 4 from warrant (July 9, 1998) to trial (August 18, 1998) is tolled.
II. SPEEDY TRIAL CALCULATION FOR CASE 1
The following continuances were requested by appellant and were, clearly, chargeable to him, see R.C. 2945.71(H):
January 14, 1998 to February 2, 1998 19 days
February 2, 1998 to February 17, 1998 15 days
February 17, 1998 to February 25, 1998 8 days
April 23, 1998 to April 27, 1998 4 days
April 28, 1998 to May 18, 1998 19 days
May 18, 1998 to May 26, 1998 8 days
June 2, 1998 to June 24, 1998 22 days
July 7, 1998 to July 15, 1998 8 days
These continuances total one hundred three days.
In addition to the continuances requested by appellant, the state and the court requested continuances as well. The state requested a continuance from February 25, 1998 until "a date to be set in the future," which turned out to be April 14, 1998. This request was granted in a journal entry filed on March 5, 1998.[1] Since this journal entry does not state the reason for the continuance, this continuance must be charged to the state. See Collins, 91 Ohio App.3d at 15; Geraldo, 13 Ohio App.3d at 30- 31. Similarly, the trial court requested a continuance from June 24, 1998 until July 7, 1998. However, the June 30, 1998 journal entry memorializing this continuance did not state a reason for the continuance.[2] Therefore, this time period must be charged to the state as well.
In sum, in Case 1, appellant waited six hundred fifty-nine days for trial, three hundred eighty-nine days over the two hundred seventy day statutory limit. Continuances chargeable to appellant amount to one hundred three days, meaning that the state was still two hundred eighty-six days late bringing appellant to trial.
 II. SPEEDY TRIAL CALCULATION FOR CASE 3
The following continuances in Case 3 were requested by appellant and were clearly chargeable to him:
June 2, 1998 to June 24, 1998 22 days
July 7, 1998 to July 15, 1998 8 days
These continuances total thirty days. As in Case 1, the trial court granted a sua sponte thirteen day continuance from June 24, 1998 until July 7, 1998. Again, since the journal entry did not state the reason for the continuance, this continuance must be charged to the state.Collins, 91 Ohio App.3d at 14. Therefore, in Case 3, appellant waited six hundred fifty-nine days for trial, and thirty days of continuance are chargeable to him. Thus, appellant was brought to trial six hundred twenty-nine days after his arrest, well over the two hundred seventy day limit.
In sum, appellant's speedy trial rights were violated as to Cases 1 and 3 (the drug charges) but not as to Case 2 (the witness intimidation charge). Because appellant was clearly prejudiced, he did not receive effective assistance of appellate counsel when appellate counsel failed to transmit the portions of the record necessary to allow us to consider the speedy trial claim in the original appeal.
Notwithstanding the above, the state contends that appellate counsel's ineffectiveness in transmitting those records is inconsequential, since the state transmitted them to this court for the original appeal. As evidence that the state transmitted those records, it has produced a motion to supplement the record addressed to the trial court. In this motion the state requested that it be allowed to supplement the record with, inter alia, "All Docketing Orders from cases CR97-3355, CR98- 1123, CR98-1863, and CR98-2201." The trial judge granted the motion. Appellant contends, on the other hand, that, not only did the record not contain such docketing orders in the original appeal, the record in the original appeal did not even contain the state's motion to supplement the record. Our careful review of the record during the original appeal revealed that the docketing orders in Case 1, Case 2, and Case 3, or any other documents that would have allowed us to consider the speedy trial claim, were not in the record. Since appellant's first appellate counsel was ultimately responsible to ensure that the full record was transmitted, his failure to do so was ineffective.
The state also contends that the speedy trial claim was not fully argued below and not adequately presented here because it was counsel's "trial strategy" to do so. While we agree with the state that decisions based upon sound trial strategy do not form the basis for ineffective assistance of counsel claims, see, e.g., State v. Smith (2000),89 Ohio St.3d 323, 328, reconsideration denied (2000), 90 Ohio St.3d 1419, the state cannot seriously contend here that it was counsel's "sound" strategy to waive an important constitutional right that could have led to discharge. We find no merit in this contention.
Finally, the state argues that res judicata bars further consideration of the speedy trial claim on the merits. According to the state, this court, in our decision in the original appeal, found that appellant had withdrawn his speedy trial claim at trial and thus failed to preserve this claim for appellate review. This is only partially correct. In our previous decision, we stated, "it appears from the record" that appellant withdrew his motion to dismiss based on speedy trial grounds. Nevertheless, since the record was unclear, we considered appellant's speedy trial claim on the merits. By doing so, we implicitly found that the claim had been preserved for appellate review. Therefore, the state's res judicata argument is without merit.
Upon review of the record, we find that appellant's speedy trial rights were violated as to Counts Two, Three, and Four of the indictment in case number CR98-2201. Therefore, appellate counsel was ineffective in failing to properly raise this argument on appeal. Since appellant's speedy trial rights were not violated as to Count Five of case number CR98-2201, appellate counsel was not ineffective in failing to properly raise speedy trial as to this count.
Upon consideration whereof, we find that appellant was prejudiced by ineffective assistance of appellate counsel as to Counts Two, Three, and Four of the indictment in case number CR98-2201. According to App.R. 26(B)(9), we hereby vacate that portion of our decision in State v.Taylor (Feb. 11, 2000), Lucas App. No. L-98-1375, unreported, addressing appellant's fifth assignment of error and enter judgment finding appellant's fifth assignment of error well-taken. Appellant's conviction and sentence are vacated as to Counts Two, Three, and Four of the indictment in case number CR98-2201. Appellee is ordered to pay the court costs of this appeal.
JUDGMENT VACATED, IN PART.
State v. Taylor
L-98-1375
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
James R. Sherck, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.
[1] The journal entry read, in its entirety:
 "Dated FEBRUARY 25, 1998. Court Reporter KIM KOHL ordered. State of Ohio: THOMAS N. TOMCZAK. S. SCOTT SCHWAB present on behalf of the defendant. DAVID TAYLOR present in court. Judge Richard McQuade presiding on behalf of Judge Robert Christiansen.
 "Matter called for PRETRIAL. Pursuant to the request of THE STATE matter rescheduled for FURTHER PRETRIAL on A DATE TO BE SET IN THE FUTURE.
"Bond is continued."
[2] The journal entry read, in its entirety:
 "Dated [J]une 24, 1998. Court Reporter JANET McGILL ordered. State of Ohio: THOMAS A. MATUSZAK. GEOFFREY L. OGLESBY present on behalf of the defendant. Defendant, DAVID TAYLOR present in court.
 "Matter called for TRIAL, TRIAL DATE VACATED. Pursuant to the request of COURT matter rescheduled for PRETRIAL on TUESDAY, JULY 7, 1998 at 1:00 PM.
"Bond is continued."