[Cite as *State v. McIntyre*, 2016-Ohio-5363.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 15CA3524 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| DANIEL J. MCINTYRE, | : | **RELEASED 08/03/2016** |
| Defendant-Appellant. | : | |

APPEARANCES:

Timothy Young, Ohio Public Defender, and Allen Vender, Ohio Assistant Public Defender, Columbus, OH, for appellant.

Sherri K. Rutherford, Chillicothe Law Director, and Carrie L. Charles, Chillicothe Assistant Law Director, Chillicothe, OH, for appellee.

Harsha, J.

{¶1}   This appeal presents us with both statutory and constitutional speedy-trial issues.

{¶2}   First, Daniel J. McIntyre claims the state violated his statutory right when it failed to bring him to trial within 90 days of his request from prison for disposition of two pending misdemeanors. We reject his assertion because under R.C. 2945.71 the time for trial does not commence until the date the defendant is served with legal process or is arrested. Here that date was July 8, 2015 with the speedy-trial period beginning to run the day after that, making the 90-day speedy-trial date October 7, 2015.  But McIntyre filed his motion to dismiss on October 1, 2015, i.e. before the expiration of 90 days. Thus, the state did not violate McIntyre's statutory right to a speedy trial.

{¶3}   Next, McIntyre contends the state violated his constitutional right when it waited slightly over a year after the occurrence of the misdemeanors to serve him with

summonses on those charges.  The nearly two-month initial delay in filing the criminal complaints charging the misdemeanors did not implicate his speedy-trial right. However, the subsequent ten-month delay in serving him with summonses and some additional time not attributable to the defense arguably approached the presumptively prejudicial threshold. Nonetheless, this delay was entitled to only negligible weight because it did not involve extended pretrial incarceration or disruption.  Moreover, the reason for the delay appeared to be McIntyre's intervening incarceration for convictions on unrelated crimes. And although he timely asserted his rights to a speedy trial by filing a motion to dismiss, his argument in his motion and in open court primarily focused on his statutory, rather than his constitutional speedy-trial claim.  Finally, there was no evidence that McIntyre suffered any prejudice from the minimal delay involved, he expressed no anxiety or concern about the charges, and nothing impaired his ability to defend against the charges.  Therefore, this delay did not violate McIntyre's constitutional right to a speedy trial.

{¶4}    We overrule McIntyre's assignment of error and affirm the judgment.

## I. FACTS

{¶5}    On August 28, 2014, the state filed complaints in the Chillicothe Municipal Court charging Daniel J. McIntyre with receiving stolen property and theft, both first-degree misdemeanors.  The state alleged that the offenses occurred on or about July 5, 2014.  Although the state issued warrants for his arrest that same day, it never obtained service.

{¶6}    Over seven months later, on April 10, 2015, McIntyre, who was incarcerated in the Lebanon Correctional Institution serving a sentence for unrelated

felony charges, completed a notice of imprisonment and request under R.C. 2941.401 for a final disposition on his pending misdemeanor charges.  The state forwarded the request, with its notation that McIntyre's sentence would end on July 1, 2015, to the Chillicothe Municipal Court.  The state filed a motion for leave to dismiss the complaints without prejudice under Crim.R. 48(A) because of McIntyre's incarceration at Lebanon Correctional Institution.  The court granted the motion and dismissed the case without prejudice on May 5, 2015.

{¶7}    Shortly after McIntyre was released from prison in July 2015, the state refiled complaints again charging him with the same misdemeanor offenses of receiving stolen property and theft.  McIntyre received service of the summonses on July 8, 2015. One week later, McIntyre filed a demand for discovery, and the state responded shortly thereafter.  The court scheduled the case for trial on October 1, 2015.

{¶8}    On the date scheduled for trial McIntyre filed a motion to dismiss the charges based on a violation of his speedy-trial rights.  Although he cited both his statutory and constitutional rights, McIntyre primarily argued that the state violated his statutory right to a speedy trial under R.C. 2945.71 because 178 days had passed since he had requested the disposition of the original misdemeanor charges and the filing of his dismissal motion on October 1, 2015.  The court held a hearing where the parties presented their arguments on the motion.  McIntyre's argument again focused on the 90-day speedy-trial limit of R.C. 2945.71 instead of his constitutional speedy-trial right.

{¶9}    The trial court issued a detailed decision denying McIntyre's motion to dismiss.  The court determined that the statutory 90-day speedy-trial period did not begin to run until after McIntyre received service of the summonses on the

misdemeanor charges, and thus the trial was scheduled within the 90-day period. Because McIntyre was never arrested or served summons on the original misdemeanor charges, the court rejected his claim that time from the prior dismissed case should be added to the period.

{¶10}  McIntyre then entered a plea of no contest to the charge of receiving stolen property in return for the dismissal of the theft charge.  The trial court convicted him of receiving stolen property and sentenced him accordingly.

## II. ASSIGNMENT OF ERROR

{¶11}  McIntyre assigns the following error for our review:

THE TRIAL COURT VIOLATED DANIEL MCINTYRE'S STATUTORY AND CONSTITUTIONAL RIGHTS TO A SPEEDY TRIAL WHEN IT OVERRULED HIS MOTION TO DISMISS.  SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION; *BARKER V. WINGO*, 407 U.S. 514, 91 S.CT. 2182, 33 L.ED.2D 101 (1972); R.C. 2945.71; NOVEMBER 18, 2015 JOURNAL ENTRY.

## III. STANDARD OF REVIEW

{¶12}  Appellate review of a trial court's decision on a motion to dismiss for a speedy-trial violation involves a mixed question of law and fact.  *State v. Sinkovitz*, 2014-Ohio-4492, 20 N.E.3d 1206, ¶ 6 (4th Dist.); *State v. Hucks*, 4th Dist. Ross No. 15CA3488, 2016-Ohio-323, ¶ 18.  We defer to the trial court's factual findings if some competent, credible evidence supports them, but we review de novo the court's application of the law to those facts.  *Id.*

## IV. LAW AND ANALYSIS

### A.  Statutory Right to a Speedy Trial

**{¶13}** Initially, McIntyre argues that the trial court erred when it denied his motion to dismiss for a violation of his statutory right to a speedy trial. The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. This guarantee is implemented in R.C. 2945.71, which provides specific statutory time limits within which the state must bring a person to trial. *See State v. Taylor*, 4th Dist. Adams No. 14CA993, 2015-Ohio-2919, ¶ 10, citing *State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, ¶ 10.

**{¶14}** The state charged McIntyre with two misdemeanors of the first degree, so R.C. 2945.71(B)(2) required that he be brought to trial within 90 days after his "arrest or the service of summons." This language is at the heart of the parties' dispute.

**{¶15}** Our primary concern when construing statutes is legislative intent. *State v. J.M.*, __ Ohio St.3d __, 2016-Ohio-2803, __ N.E.3d __, ¶ 7. In determining that intent, we first look to the plain language of the statute. *Id.* Terms that are undefined by statute are given their plain, common, and ordinary meaning. *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 46, citing R.C. 1.42; *State v. Erskine*, 2015-Ohio-710, 29 N.E.3d 272, ¶ 26 (4th Dist.). When a statute's language is clear and unambiguous, we apply it as written without interpreting or construing it. *J.M.* at ¶ 12. Although speedy-trial provisions are strictly construed against the state, *see State v. Scahel*, 8th Dist. Cuyahoga No. 102557, 2016-Ohio-18, ¶ 10, the rule of strict construction does not apply where the statutory language is plain and unambiguous. *See, e.g., Columbia Gas Trans. Corp. v. Levin*, 117 Ohio St.3d 122, 2008-Ohio-511,

882 N.E.2d 400, ¶ 34. In other words, there is no need to construe the statute under those circumstances.

{¶16} The terms "arrest" and "service of summons" are not ambiguous.  An "arrest" is "[t]he taking or keeping of a person in custody by legal authority, esp. in response to a criminal charge; specif., the apprehension of someone for the purpose of securing the administration of the law, esp. of bringing the person before a court." *Black's Law Dictionary* 116 (8th Ed.2004).  And "service" includes "[t]he formal delivery of a * * * summons." *Id.* at 1399.  Moreover, under Ohio law, an arrest occurs when there is (1) an intent to arrest, (2) under real or pretended authority, (3) accompanied by actual or constructive seizure or detention of the person, and (4) that is so understood by the person arrested.  *See State v. Hall*, 2016-Ohio-783, __ N.E.3d __, ¶ 18 (1st Dist.), citing *State v. Barker*, 53 Ohio St.2d 135, 372 N.E.2d 1324 (1978), paragraph one of the syllabus.

{¶17} Consistent with the plain and unambiguous language of R.C. 2945.71, we have consistently held that "[f]or the purposes of R.C. 2945.71 *et seq.* an arrest occurs on the date of the " 'formal arrest upon the indictment,' which is the date the state serves the accused with the indictment or the warrant." *See State v. McKinney*, 4th Dist. Ross No. 97CA2345, 1998 WL 425996, *3 (July 17, 1998); *State v. Williamson*, 4th Dist. Ross No. 99CA2473, 2000 WL 807281, *2 (June 14, 2000); *State v. Spencer*, 4th Dist. Scioto No. 97CA2536, 1998 WL 799249, *16 (Nov. 4, 1998); *State v. Todd*, 4th Dist. Ross No. 95CA2125, 1996 WL 95151, *2 (Feb. 29, 1996); *State v. Christman*, 4th Dist. Ross No. 1082, 1985 WL 9412, *3 (July 24, 1985).

{¶18} A leading criminal law treatise summarizes, "[u]nder R.C. 2945.71, the time limits within which the accused must be brought to trial in a misdemeanor case, or accorded a preliminary hearing and brought to trial in a felony case, are measured from the time the defendant is *arrested or served with summons*." (Emphasis added.) Katz, Martin, Lipton, Giannelli, and Crocker, *Baldwin's Ohio Practice Criminal Law*, Section 60:5 (3d Ed.2014). The state never arrested McIntyre or served summons on his original misdemeanor charges, so the speedy-trial period did not begin to run until the charges were refiled and he was served with summonses of the refiled charges on July 8, 2015.

{¶19} On appeal McIntyre relies on cases from other appellate districts that he failed to cite below. In doing so he argues that the 90-day statutory speedy-trial period started on April 9, 2015, when he requested that the initial misdemeanor charges be resolved while he was incarcerated on unrelated convictions, i.e. his demand constituted the "functional equivalent of an arrest." We reject McIntyre's argument for several reasons.

{¶20} First, the plain language of R.C. 2945.71 does not permit something other than an actual arrest or service of summons on the criminal charges to commence the speedy-trial period.

{¶21} Second, we have repeatedly rejected McIntyre's construction of R.C. 2945.71. *See McKinney, Williamson, Spencer, Todd*, and *Christman*, *supra*. In *McKinney*, the defendant argued that her receipt of a faxed copy of an indictment while she was incarcerated on an unrelated charge constituted an arrest that commenced her statutory speedy-trial period. We rejected this argument, holding that "[w]e cannot find

any authority that provides that the notice of the indictment constitutes an arrest, and we

have expressly rejected those authorities which hold that the issuance of a warrant or

return of any indictment triggers R.C. 2945.71 *et seq.*" *McKinney*, 1998 WL 425996, at

*4, citing *Todd* and *Christman*.

{¶22}  Third, in *Todd*, 1996 WL 95151, at fn. 1, we expressly declined to follow

cases like those cited by McIntyre, which have construed the terms "arrest" and "service

of summons" beyond their plain, unambiguous meaning:

> We recognize that the Second Appellate District has held in State v. *Kelly* (1974), 44 Ohio App.2d 40, syllabus, that if an accused is incarcerated when charged with another unrelated offense, the date of arrest for the unrelated offense, for purposes of speedy trial, occurs on the date the arrest warrant was issued.  *Kelly*, and the cases which follow, do not offer any analysis as to why an accused who is incarcerated should be deemed to be arrested, for purposes of speedy trial, at an earlier date than an accused who is not incarcerated and, therefore, not arrested until served with the warrant.  These cases simply draw a conclusion without offering any discussion.  While the underlying rationale may be to protect an incarcerated offender from prosecutorial misconduct, an accused is also protected by the constitutional due process and/or speedy trial rights of the Fifth, Sixth, and Fourteenth Amendments.  Thus, a prisoner arrested on an unrelated charge has alternative methods to assure a speedy trial.  Accordingly, we see no reason to differentiate between prisoners and other citizens for purposes of speedy trial.

{¶23}  Fourth, the cases cited by McIntyre on appeal are also distinguishable.

*State v. Collins*, 91 Ohio App.3d 10, 631 N.E.2d 666 (6th Dist.1993), involved three

separate incidents that were the subject of one six-count indictment.  And although

Collins was not incarcerated on the charges at issue here, he was in fact being held

under other charges from the same indictment.  By contrast, McIntyre was incarcerated

under a conviction on an indictment in an unrelated case when the state initially filed the

initial case charging him with the misdemeanors.

{¶24}  *State v. Bailey*, 141 Ohio App.3d 144, 750 N.E.2d 603 (2d Dist.2000) involved a detainer issued against the defendant, who was arrested in another county on unrelated charges that had not yet been tried.  Conversely, there was no detainer against McIntyre, and he was already incarcerated after being convicted and sentenced on other charges when the first misdemeanor complaints were filed.  The Fifth District Court of Appeals similarly distinguished *Bailey* and held that the statutory speedy-trial period did not begin to run until the defendant was served with a warrant on the indictment:

> In *Bailey*, the defendant was not already serving a sentence on an unrelated charge as appellant sub judice.  The defendant was arrested and awaiting trial on pending charges in Hamilton County when a detainer was placed on him by the Dayton Police Department.  We find this distinction to be important because in this case, appellant was not available for trial on the indictment until his municipal court sentence was served or until the warrant on the indictment was actually served.  As noted on the return of executed warrant filed October 18, 2002, the warrant on the indictment was served on October 16, 2002.

*State v. Fowler*, 5th Dist. Muskingum No. CT2003-0026, 2003-Ohio-7099, at ¶ 13, appeal not accepted for review, *State v. Fowler*, 102 Ohio St.3d 1424, 2004-Ohio-2003, 807 N.E.2d 378.

{¶25}  And in *State v. Hayman*, 3d Dist. Seneca No. 13-09-22, 2010-Ohio-1264, the defendant who was under arrest argued the delay in serving a summons on a subsequent indictment should be tacked onto the time from the original case.  This is readily distinguishable from McIntyre's case, where he was never arrested or served with summons in his initial municipal court case.

{¶26}  Finally, our application of the plain language of R.C. 2945.71 is consistent with its obvious legislative intent.  "R.C. 2945.71 was enacted to avoid long delays from

the time of arrest to trial.  Determining the time of arrest to be the date the indictment or warrant for arrest is served upon an offender is consistent with that purpose.  Prior to being served with the indictment, appellant's liberty was not infringed upon as a result of the pending charge."  *Todd*, 1996 WL 95151, at *3.[1]

**{¶27}**  Because McIntyre was never arrested or served summonses on the misdemeanor charges until July 8, 2015, the speedy-trial period did not begin to run until the day after that.  *See State v. Davis*, 4th Dist. Scioto No. 12CA3506, 2013-Ohio-5311, ¶ 21, citing R.C. 1.14 and Crim.R. 45(A) ("When computing how much time has run against [the state] under R.C. 2945.71, we begin with the day after the date [the defendant] was arrested") He concedes that the remaining untolled time from this date until he filed his motion to dismiss, which was the date that the trial was scheduled, was well within the permissible 90-day period.  Consequently, the trial court correctly determined that the state did not violate his statutory right to a speedy trial.

### B.  Constitutional Right to a Speedy Trial

**{¶28}**  Next McIntyre argues that the trial court erred when it determined the state did not violate his constitutional right to a speedy trial.  As we noted, the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial.  *Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, ¶ 10.  "To determine whether a

---

[1] McIntyre filed his demand for the resolution of the misdemeanor charges under R.C. 2941.401, which provides incarcerated persons with the opportunity to request the final disposition of any untried indictment, information, or complaint against the person within 180 days after providing written notice of the place of imprisonment to the prosecuting attorney and appropriate court.  The parties agreed, however, that because McIntyre was released from prison before that period expired, that statute was inapplicable, and the R.C. 2945.71 speedy-trial limit would apply.  *See, e.g., State v. Beverly*, 4th Dist. Ross No. 04CA2809, 2005-Ohio-4954, ¶ 14; *State v. Hemingway*, 8th Dist. Cuyahoga Nos. 96699 and 96700, 2012-Ohio-476, ¶ 21-22.

defendant has been deprived of these constitutional speedy-trial rights, a court must balance four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of a speedy-trial right, and (4) the prejudice to the defendant." *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3594, 45 N.E.3d 127, ¶ 88, citing *State v. Selvage*, 80 Ohio St.3d 465, 467, 687 N.E.2d 433 (1997), and *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

{¶29} But before engaging in any balancing of these factors, we must make a threshold determination concerning the length of the delay. " 'Until there is some delay which is *presumptively prejudicial*, there is no necessity for inquiry into the other factors that go into the balance.' " (Emphasis sic.) *State v. Hull*, 110 Ohio St.3d 183, 2006-Ohio-4252, 852 N.E.2d 706, ¶ 23, quoting *Barker* at 530, 92 S.Ct. 2182, 33 L.Ed.2d 101. "A delay becomes presumptively prejudicial as it approaches one year in length." *Adams* at ¶ 90, citing *Doggett v. United States*, 505 U.S. 647, 652, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), fn. 1.

{¶30} McIntyre claims that the 12-month delay between when the misdemeanors were allegedly committed—on or about July 5, 2014—until he was served with summonses on the refiled misdemeanor charges—on July 8, 2015—was unreasonable. Approximately two of those months, however, are attributable to the time between when he committed the offenses (July 5, 2014) and the filing of the initial complaints (August 28, 2014). The constitutional right to a speedy-trial is not implicated for this pre-complaint delay; instead, "[i]n the first stage—before arrest or indictment, when the suspect remains at liberty—statutes of limitations provide the primary protection against delay, with the Due Process Clause as a safeguard against fundamentally unfair

prosecutorial misconduct." *Betterman v. Montana*, __ U.S. __, __ S.Ct.__, __ L.Ed.2d ___, 2016 WL 2903423, *3.

**{¶31}** "The Sixth Amendment's Speedy Trial Clause homes in on the second period: from arrest or indictment through conviction." *Id.* There was slightly more than a ten-month delay between the filing of the initial complaints charging McIntyre with the misdemeanor offenses and when he was served with summonses on the refiled complaints. Another month and a half that was not attributable to McIntyre's demand for discovery passed until he filed his motion to dismiss.

**{¶32}** Because the delay approached one year in length, it was arguably presumptively prejudicial. But "a presumptively prejudicial delay, while adequate to trigger review of the other *Barker* factors, may nonetheless be entitled to 'negligible' weight where the delay does not implicate extended pretrial incarceration or disruption by unresolved charges." *State v. Sweat*, 4th Dist. Ross No. 14CA3439, 2015-Ohio-2689, ¶ 15, citing *State v. Triplett*, 78 Ohio St.3d 566, 569, 679 N.E.2d 290 (1997). Here, McIntyre was not subjected to extended pretrial incarceration because of the misdemeanor charges, and there is no evidence that he suffered any personal disruption by the presence of the unresolved charges. Therefore, this factor is of only negligible weight.

**{¶33}** Looking to the remaining factors, the reason for the delay appeared to be McIntyre's intervening incarceration for convictions on unrelated crimes. And although he timely asserted his right to a speedy trial by filing a motion to dismiss, the argument in his motion and in open court primarily focused on the statutory, rather than constitutional, speedy-trial claim. *See Sweat* at ¶ 16 ("while [the defendant] filed a

motion to dismiss on the grounds of a speedy-trial violation (third factor-timely assertion of her rights), the arguments supporting the motion focused entirely on Ohio statutory speedy-trial framework and did not raise the constitutional issue").

**{¶34}** On the final factor, prejudice, there is no evidence in the record that McIntyre suffered any prejudice from the minimal delay involved—he was not served with summonses on the misdemeanor charges until July 2015 and he filed his motion to dismiss less than three months later, he expressed no anxiety or concern about the charges, and nothing impaired his ability to defend against the charges. In fact, it is telling that McIntyre does not specify any actual prejudice from the delay, instead relying on the presumptive prejudice. But as noted, this factor is entitled to only negligible weight here.

**{¶35}** After balancing the appropriate factors, we agree with the trial court's conclusion that the state did not violate McIntyre's constitutional right to a speedy trial. Because the trial court properly denied his motion to dismiss, we overrule McIntyre's sole assignment of error.

## V. CONCLUSION

**{¶36}** After a de novo review of the trial court's decision, we find no error. Therefore, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & McFarland, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**