The STATE of Ohio, Appellant,

v.

BAILEY, Appellee.

[Cite as *State v. Bailey* (2000), 141 Ohio App.3d 144.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 18119.

Decided Sept. 15, 2000.

*Johnna M. Shia,* Montgomery County Assistant Prosecuting Attorney, for appellant.

*Arvin S. Miller,* Montgomery County Assistant Public Defender, for appellee.

---

FREDERICK N. YOUNG, Judge.

The state of Ohio appeals from a decision and entry of the Montgomery County Common Pleas Court dismissing the case against defendant–appellee Harry L. Bailey due to the state's failure to bring the matter to trial within the time allowed pursuant to R.C. 2945.71(C)(2). The state contends that the trial court erred in finding that Bailey had been denied a speedy trial under the statutory scheme and under the United States Constitution. For the reasons that follow, however, we disagree and affirm the judgment of the trial court.

The facts surrounding this appeal are not in dispute. On September 21, 1998, Bailey allegedly committed the crime of robbery, and a criminal complaint to that effect was filed two days later. On October 8, 1998, Bailey was arrested in Cincinnati on unrelated charges. That same day, the Dayton Police Department issued a detainer against Bailey, which was transmitted by teletype to the Hamilton County Justice Center. The detainer advised the Hamilton County authorities that the Dayton police had an active warrant out on Bailey, that Dayton would extradite him, and that the department's fugitive detective, Donna Pack, would be in contact with Hamilton County. The copy of the teletype transmission contains handwritten notes indicating that the Hamilton County authorities were contacted three times during the pendency of the charges there. Each of those times, the Dayton police were told that the Hamilton County charges were still pending. On June 11, 1999, after Bailey had been convicted and sentenced on the Hamilton County charges, the Dayton police were notified that he had been transferred to the Correctional Reception Center ("CRC") to serve out his sentence, and that the CRC would need a certified copy of the outstanding warrant against Bailey before he could be transported to Dayton. An indictment was brought against Bailey on the Dayton charge on July 13, 1999, and on August 2, the Common Pleas Court of Montgomery County issued a warrant for removal commanding Bailey's conveyance from the CRC to Dayton.

Bailey was transported, and on October 12, 1999, he filed a motion to dismiss the charges against him on grounds that the state's delay in indicting him had prejudiced his defense. Ten days later, he filed another motion to dismiss claiming his right to a speedy trial under R.C. 2945.71 *et seq.*, had been violated. The trial court sustained Bailey's second motion to dismiss on December 2, 1999, and the state's appeal followed in a timely manner.

The state's first assignment of error is set forth as follows:

"The trial court erred by discharging defendant–appellee based upon an erroneous finding that defendant's statutory speedy trial rights were violated."

In this assigned error, the state notes that R.C. 2945.71(C)(2) requires it to bring a felony defendant to trial within two hundred seventy days following the defendant's arrest unless the time for trial is extended by any of the provisions in R.C. 2945.72. The state argues that the detainer issued against Bailey was not the functional equivalent of arrest and that it consequently could not have triggered the running of the time for trial. In addition, the state claims that the time for trial was extended under R.C. 2945.72(A) because Bailey was unavailable for trial on the Dayton charge due to his incarceration in Hamilton County.

We begin by considering whether a detainer is the functional equivalent of an arrest. Preliminarily, however, we observe:

"[T]he Ohio speedy trial statute is constitutional, mandatory, and must be strictly construed against the state. *State v. Singer* (1977), 50 Ohio St.2d 103, 109 [4 O.O.3d 237, 240], 362 N.E.2d 1216 [1220]. Once the statutory limit has expired, the defendant has established a prima facie case for dismissal. *State v. Howard* (1992), 79 Ohio App.3d 705, 707 [607 N.E.2d 1121, 1122]; *State v. Geraldo* (1983), 13 Ohio App.3d 27, 28 [13 OBR 29, 31–32, 468 N.E.2d 328, 330–331]. At that point, the burden is upon the state to demonstrate any tolling or extension of the time limit. *State v. Howard, supra* at 707 [607 N.E.2d at 1122]; *State v. Bowman* (1987), 41 Ohio App.3d 318, 319, 535 N.E.2d 730 [731–732], overruled on other grounds in *State v. Palmer* (1998), 84 Ohio St.3d 103 [105, 702 N.E.2d 72, 73–74]. If the state fails to comply with the mandates of the Ohio speedy trial statute, the defendant must be discharged. R.C. 2945.73; *State v. Benson* (1985), 29 Ohio App.3d 321, 324 [29 OBR 448, 451–452, 505 N.E.2d 987, 991]." *State v. McKinney* (July 17, 1998), Ross App. No. 97CA2345, unreported, 1998 WL 425996.

Thus, in the trial court, the burden to show that more than two hundred seventy days had elapsed since his arrest was on Bailey, and that burden implicitly carries with it the obligation to establish the day upon which he was arrested for purposes of the speedy trial statute.

One court of appeals has consistently stated that for purposes of R.C. 2945.71 *et seq.*, when an accused is already being held on unrelated charges an arrest does not occur until the state serves the accused with an indictment or warrant. *McKinney, supra; State v. Todd* (Feb. 29, 1996), Ross App. No. 95CA2125, unreported, 1996 WL 95151; *State v. Christman* (July 24, 1985), Ross App. No. 1082, unreported, 1985 WL 9412. In reported cases, however, both the Court of Appeals for the Sixth District and this court have held that in situations where an accused is arrested and in jail when charged with another unrelated offense, for the purposes of R.C. 2945.71, the arrest for the second offense occurs on the date the warrant was issued. *State v. Collins* (1993), 91 Ohio App.3d 10, 14, 631 N.E.2d 666, 668–669; *State v. Kelly* (1974), 44 Ohio App.2d 40, 41, 335 N.E.2d 729. We have also noted that "[i]t is reasonably clear that the legislature has determined that the speedy trial clock begins to run with either an arrest or its functional equivalent." *State v. Brock* (May 22, 1991), Montgomery App. No. 12227, unreported, 1991 WL 96313. And in *State v. Lloyd* (Mar. 31, 1999), Montgomery App. No. 15927, unreported, 1999 WL 173017, we observed that issuing a detainer against an accused who has already been arrested on another charge has the same effect as if the individual had been arrested and confined on the charge that precipitated the detainer.

The circumstances in the present case differ little from those in *Kelly, supra.* There, the arrest warrant for the second offense was not issued until after Kelly had been arrested for a parole violation, whereas here the arrest warrant for Bailey on the Dayton charge was apparently issued before or on the day of his arrest in Hamilton County. Nevertheless, upon his arrest, Bailey was in the same position as Kelly when the arrest warrant for Kelly was issued, to wit, both men had outstanding warrants for their arrests and both were being held elsewhere on unrelated charges. Consequently, we see no reason to reach a different result in the present case. The time within which Bailey must have been brought to trial on the Dayton charge began to run on the day when he was both under arrest for the unrelated charges and the subject of an active arrest warrant on the Dayton charge.

The record reflects that a total of 298 days elapsed between the time Bailey was arrested and the Dayton police first requested his conveyance from the CRC to Dayton. By that time, Bailey had neither been given a preliminary hearing nor been brought to trial on the Dayton charge. Another seventy-one days went by before Bailey was physically transported to Dayton, and he still had not been given a preliminary hearing or trial on the local charge. Bailey therefore met his burden of establishing a prima facie case for dismissal. To avoid that result, therefore, the state must have shown that the statutory speedy trial time limit

had been tolled or extended. In an effort to do so, the state argued that Bailey was unavailable pursuant to R.C. 2945.72, which reads:

"The time within which an accused must be brought to trial, or in the case of felony, to preliminary hearing and trial, may be extended only by the following:

"(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability."

In its judgment, the trial court criticized the state for not requesting Bailey's transport to Dayton until August 2, 1999, and concluded that the state's inaction reflected a lack of reasonable diligence in securing Bailey's availability for trial. We agree.

The state contends that the reasonable diligence requirement was fulfilled by its transmittal of the detainer to Hamilton County on the date of Bailey's arrest and the state's subsequent telephone calls to the Hamilton County authorities to verify the status of Bailey's case there. The state concedes it made no effort to obtain Bailey's physical presence in Dayton prior to August 2, 1999.

In support of its argument, the state cites *McKinney, supra,* as an example of an appellate court's finding that issuance of a detainer constitutes reasonable diligence to secure an accused's availability for trial. After close scrutiny of that case, however, we find no language that can even arguably support the proposition advanced by the state. Instead, the *McKinney* court found that the defendant had been brought to trial within the statutory time limit, and it consequently had no reason to consider whether the reasonable diligence requirement of R.C. 2945.72(A) had been fulfilled.

The state also claims that the trial court erred in stating that the Crim.R. 4(E) procedure for transporting an individual arrested in one county on a warrant issued by another county was applicable to Bailey's case. The state contends that Crim.R. 4(E) does not apply where an accused is arrested in County A on charges unrelated to the warrant issued in County B. We agree with the state, and add that even if it were applicable to the circumstances of this case, Crim.R. 4(E) provides direction to the *arresting* county on how it is to proceed when it arrests an individual on a warrant from outside the county. The rule imposes no duty or obligation on the warrant-issuing court or police department to take any action before the wheels are set in motion for the accused's transfer. In any case, we find Crim.R. 4(E) inapplicable to the circumstances in the present case.

Nevertheless, the requirement that the Dayton police exercise reasonable diligence to assure Bailey's availability for trial within the time allowed by R.C.

2945.71(C)(2) remains. We disagree with the state that the filing of a detainer, without more, constitutes reasonable diligence. At a minimum, the state should have requested that Bailey be transported to Dayton for a preliminary hearing or arraignment on the local charge. We stress that the state need not have been successful in its request, but it should have at least made some effort to begin the process of bringing Bailey to trial on the Dayton charge.

Finally, we note that although not addressed in the briefs, at oral arguments discussion was had as to whether the reasonable diligence requirement applied to all three or only the last of the possible circumstances justifying an extension of the time for trial under R.C. 2945.72(A). We agree with the Court of Appeals for the Seventh District which stated, "The correct interpretation of R.C. 2945.72(A) requires that the State exercise reasonable diligence to secure a defendant for trial under all of the circumstances set forth in the statute." *State v. McCowin* (Apr. 14, 1997), Columbiana App. No. 94–C–87, unreported, 1997 WL 197999. In addition, the Lake County Court of Appeals has required the state to demonstrate reasonable diligence in trying to obtain an accused's presence where the accused was incarcerated in another county. *State v. Coatoam* (1975), 45 Ohio App.2d 183, 74 O.O.2d 229, 341 N.E.2d 635. We note, too, that the Court of Appeals for the Fourth District has implied that reasonable diligence on the part of the state is required when an accused is held elsewhere in connection with other criminal proceedings. *State v. Boso* (Sept. 11, 1996), Washington App. No. 95CA10, unreported, 1996 WL 530007. In our view, if the legislature had desired to make the reasonable-diligence requirement applicable only to the last of the circumstances justifying extension of the time for trial, it could easily have done so by separating the three clauses with semicolons instead of commas. See Watkins & Dillingham, Practical English Handbook (9 Ed.1992) 141, Section 22a (directing one to "[u]se a semicolon between * * * coordinate elements with internal commas"). As it did not do so, we conclude that the reasonable-diligence phrase is equally applicable to all three of the circumstances justifying extension of the time for trial.

In sum, we have found that the state's detainer against Bailey was the functional equivalent of an arrest; that the time for trial on the Dayton charge commenced on the date Bailey was both under arrest in Hamilton County and the subject of an active warrant in Dayton; that Bailey was not brought to trial on the Dayton charge within the time allowed by R.C. 2945.71(C)(2); that the state was required to exercise reasonable diligence to secure Bailey's availability for trial; and that the state failed to do so. Consequently, the state's first assignment of error is overruled.

The state's second assignment of error is presented as follows:

"The trial court erred by discharging defendant-appellee based upon an erroneous finding that defendant's constitutional speedy trial rights were violated."

The state makes an admirable effort to persuade us that the trial court erred in finding that Bailey's constitutional right to a speedy trial was violated, arguing that neither the pre-indictment delay nor the post-indictment delay justify the court's decision. The record reveals that Bailey filed two motions to dismiss: one based on an allegation of unconstitutional pre-indictment delay, and the other on the ground that the state had not brought him to trial within the statutory time period. The trial court's decision references only the latter of Bailey's two motions and is confined to a discussion of the issues relevant to the statutory speedy-trial claim. The state's allegation that the trial court based its decision on Bailey's claim that his constitutional speedy trial rights had been violated apparently spawns from the court's comment that the state's delay in indicting Bailey on the Dayton charges provided additional evidence of the state's lack of diligence in securing Bailey's availability for trial. See Docket No. 21 at 3. The trial court's judgment, however, rested exclusively on the violation of Bailey's statutory right to a speedy trial and mentioned the pre-indictment delay only as additional evidence that the state was less than diligent in bringing Bailey to trial. As a result, we need not address the constitutional issues raised by the state in its second assignment of error.

Having found no merit in the state's first assignment of error, and no need to address its second, the judgment of the trial court is affirmed.

*Judgment affirmed.*

FAIN, J., concurs.

GRADY, P.J., dissents.

GRADY, Presiding Judge, dissenting.

This court has previously held that the R.C. 2945.71 speedy trial clock begins to run when an accused is incarcerated pursuant to a "detainer" issued on a criminal warrant. *State v. Lloyd* (Mar. 31, 1999), Montgomery App. No. 15927, unreported, 1999 WL 173017. Therefore, this appeal turns on another issue: whether the "reasonable diligence" obligation imposed on the state by the final clause of R.C. 2945.72(A) applies to all the circumstances in that section or only to the matter of interstate extradition proceedings to which the preceding clause refers. I believe that it applies only to extradition proceedings.

R.C. 2945.72(A) tolls the speedy trial time which R.C. 2945.71 imposes for an offense during the period of time involved, which is:

"Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability."

R.C. 2945.72(A) is composed of two independent parts that are separated by the word "or," which is used as a coordinating conjunction. The first part concerns defendants who are "unavailable" for the reasons stated: because undetermined criminal proceedings against them are pending or because they are confined in another state. The second part concerns persons against whom Ohio has commenced extradition proceedings to return them to Ohio. Because the two parts are independent, grammatically as well as functionally, the reasonable-diligence clause following the second part applies only to the particular circumstance involved, extradition proceedings.

Though extradition proceedings are commenced by the state, any delay occasioned by the defendant's efforts to contest extradition is chargeable to him for speedy trial purposes. *State v. Hirsch* (1998), 129 Ohio App.3d 294, 717 N.E.2d 789. In order to avoid undue delay, R.C. 2945.72(A) requires the state to prosecute its extradition claim with reasonable diligence.

These considerations support the view that the reasonable-diligence clause applies only to extradition proceedings, not to the other circumstances in R.C. 2945.72(A) that define unavailability for hearing or trial. The view is also supported by the very notion of unavailability. If an accused is "unavailable," how can the state be required to exercise *reasonable diligence* to make him available? It really can't, and its attempts to do so become mere vain acts. Indeed, the several desultory inquiries that Montgomery County made of Hamilton County in this instance demonstrate that both jurisdictions knew that defendant-appellant would not be available for prosecution in Montgomery County until the Hamilton County charges were determined.

If the reasonable diligence clause is applied to unavailability as the statute defines it, consider the difficulties that might result. A defendant who engages in a crime spree in multiple counties is finally arrested, charged, and confined in county A. The courts in counties B, C, D, and E, where he also committed crimes, issue detainers that are filed in the court in county A. If each of those other courts is expected to bring the defendant to trial in the same general time frame, much of that time will be spent taking the defendant from one county to another. Trial preparation and trial schedules would be repeatedly disrupted. That won't actually happen, of course, but why should the state then be required to show that it used "reasonable diligence" to make it happen? There's no reason why it should, and no reason to believe that the General Assembly intended that it

should. Allowing the orderly disposition of charges, *seriatim* is the sensible alternative. R.C. 2945.72(A) does exactly that when its reasonable-diligence requirement is confined to extradition proceedings.

I concede that two other appellate districts have applied the reasonable-diligence clause to all the circumstances in R.C. 2945.72(A). However, neither *State v. McCowin* (Apr. 14, 1997), Columbiana App. No. 94–C–87, unreported, 1997 WL 197999, which did so expressly, nor *State v. Coatoam* (1975), 45 Ohio App.2d 183, 74 O.O.2d 229, 341 N.E.2d 635, which did so implicitly, analyzed the issue. A third case, *State v. Boso* (Sept. 11, 1996), Washington App. No. 95CA10, unreported, 1996 WL 530007, contains an extensive analysis by Judge Harsha. Significantly, *Boso* involved extradition proceedings.

Finally, there is the matter of the semicolon, or rather the absence of one, which Judge Young finds significant in respect to whether the clauses in R.C. 2945.72(A) are independent. "The main use for a semicolon is to separate two independent clauses not joined with a coordinating conjunction." Gorrell, A Writer's Handbook (1994 Ed.) at 198. As pointed out above, the word "or" is employed between the *unavailability* and *extradition* clauses of R.C. 2945.72(A) as a coordinating conjunction. That not only dispenses with the need for a semicolon, it also evidences the General Assembly's intention to make those clauses independent, and to apply the "reasonable diligence" requirement only to the extradition clause to which it is specifically attached.

On the basis of the foregoing analysis, I would hold that the trial court erred when it held that the reasonable-diligence requirement of R.C. 2945.72(A) applies to an accused who is unavailable because undetermined criminal charges are pending against him in another county. Unrelated charges were pending against defendant-appellant Bailey in Hamilton County until June 11, 1999, when he was convicted and sentenced on those charges. The speedy trial "clock" then commenced to run on Bailey's Montgomery County charges. Per R.C. 2945.71, the state was required to bring him to trial within 270 days thereafter. The motion for discharge that Bailey filed on October 12, 1999, a mere 123 days after the clock had commenced to run was, therefore, premature. The trial court abused its discretion when it ordered Bailey's discharge. I would reverse and remand.