OPINION
Defendant-Appellant, Christine A. Stoff, appeals from her conviction and sentence for OMVI.
On July 26, 2000, a patrolman stopped Stoff while she was driving her car in Sugarcreek Township. Stoff was arrested and charged with operating a motor vehicle under the influence, R.C. 4511.19(A)(1), fleeing and eluding a police officer, R.C. 2921.331, a safety belt violation, R.C.4513.263, and failure to operate a motor vehicle in the appropriate lanes of travel, R.C. 4511.25.
Stoff appeared before a judge on July 28, 2000, and entered a plea of not guilty. She was released on her own recognizance. Before her release, Stoff completed a form captioned "Waiver of Time," which indicated that she refused to waive her right to a trial within the time limits provided by R.C. 2945.71.
On August 1, 2000, Stoff filed an entry of appearance for her attorney, a not guilty plea, a request for a pretrial conference, time waiver, a jury demand, and a demand for discovery. The time waiver portion stated that Stoff "waives her right to a speedy trial as provided in Ohio Revised Code, Sections 2945.71 through 2945.73 for any delay occasioned by the request for a pretrial hearing."
On August 21, 2000, the parties met for the pretrial conference. The prosecutor of Sugarcreek Township offered a plea bargain, which was approved by the Xenia City prosecutor and accepted by Stoff's attorney. However, the prosecutor's recommendation regarding disposition was not filed with the court until March 28, 2001, more than seven months after the conference took place.
Stoff received notice of a jury trial on March 1, 2001. On March 9, 2001, she filed a motion to dismiss all charges against her based on the State's failure to bring her to trial within the speedy trial limits. On that same date the trial court overruled the motion, sua sponte, indicating that it was still "waiting for a report from the pre-trial, which neither counsel has provided. No dismissal. No continuance."
On March 29, 2001, Stoff appeared and entered a plea of no contest to a charge of operating a motor vehicle while intoxicated. The remaining charges were dismissed. The court imposed sentence, but stayed execution of the sentence pending Stoff's appeal of the trial court's decision overruling her March 9, 2001 motion to dismiss.
Stoff filed timely notice of appeal, and presents one assignment of error.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO DISMISS PURSUANT TO OHIO REVISED CODE FOR FAILURE TO BRING THE DEFENDANT TO TRIAL WITHIN THE TIME LIMITS SET FORTH IN SAID SECTION.
The constitutional right to a speedy trial is statutorily provided by R.C. 2945.71, et seq. R.C. 2945.71(B) states, in pertinent part:
 [A] person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:
* * *
 (2) Within ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.
Stoff was charged with two first degree misdemeanors and two minor misdemeanors. Therefore, the state was required to bring her to trial within ninety days after her arrest pursuant to R.C. 2945.71(B)(2). Stoff was arrested on July 26, 2001, but her trial was not scheduled until March 29, 2001, much more than ninety days later.
R.C. 2945.73(B) provides:
 Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code.
Stoff's August 1, 2000, waiver of the speedy trial requirement acted to toll the ninety day requirement until the pretrial conference was held on August 21, 2000. There is nothing in the record to show that the pretrial conference did, in fact, occur on that date. However, because the State has not filed a brief as appellee we take the facts alleged by Stoff in her brief that a conference then took place to be true. See App.R. 18(C). Therefore, the ninety day speedy trial limit began to run again on the day after the pretrial conference, August 22, 2000, and thus the State failed to bring Stoff to trial within the time required.
The trial court's marginal ruling denying Stoff's motion to dismiss notes that "neither" party provided the trial court with a report from the pre-trial conference. However, the burden is on the State to bring a defendant to trial within the prescribed time. State v. Singer (1977),50 Ohio St.2d 103; State v. Cloud (1997), 122 Ohio App.3d 626. We have previously stated that this burden should be strictly construed against the state. State v. Bailey (2000), 141 Ohio App.3d 144.
A defendant who demonstrates that the speedy trial limit has expired establishes a prima facie case for discharge under R.C. 2945.73(B). Id. The state then bears the burden of proving that actions or events chargeable to the defendant under the various subsections of R.C. 2945.72
extended or tolled enough time to leave less than the allotted time remaining when the motion to dismiss was filed. Id.
Here, Stoff met her burden of proving that the ninety day speedy trial limit had expired, establishing a prima facie case for discharge. The State did not respond before the trial court sua sponte denied the motion to dismiss. Accordingly, the trial court erred when it denied Stoff's motion to dismiss the charges against her.
The assignment of error is sustained.
 Conclusion
Having sustained the assignment of error presented, we will reverse the judgment from which the appeal is taken and order Defendant-Appellant Stoff discharged pursuant to R.C. 2945.73.
WOLFF, P.J. and FAIN, J., concur.