[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Kenneth Kilvington appeals from his convictions for one count of theft in violation of R.C. 2913.02(A)(3), one count of possessing criminal tools in violation of R.C. 2923.24(A), and two counts of forgery in violation of R.C. 2913.31(A)(2). Kilvington pleaded no contest to the charges. He now raises one assignment of error.
In his sole assignment of error, Kilvington argues that the trial court erred when it denied his motion to dismiss. Specifically, he argues that his statutory right to a speedy trial was violated when the Kenton County Jail acknowledged Hamilton County's detainer and officially arrested him on Hamilton County's warrant on February 19, 1999, but then he was not brought to trial until June 11, 2001. Relying on State v. Bailey,[1]
he contends that the detainer issued by Hamilton County was the functional equivalent of an arrest, which commenced the running of time under R.C. 2945.71(C)(2). We disagree.
A defendant's statutory right to a speedy trial is set forth in R.C.2945.71. R.C. 2945.71(E) provides that, in a felony case, a criminal defendant who is in jail without bail must be brought to trial within ninety days of his arrest. R.C. 2945.72(A) further provides that the time within which a defendant must be brought to trial may be extended for any period
 during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him within or outside the state by reason of his confinement in another state or by reason of the pendency of extradition proceedings provided that the prosecution exercises reasonable diligence to secure his availability.
 Thus, the main issue in this case is whether the state, under the circumstances, used "reasonable diligence" in bringing Kilvington to trial.
The record reveals that the Hamilton County grand jury issued an indictment charging Kilvington with one count of theft, one count of possessing criminal tools, and two counts of forgery. Kilvington failed to appear at his arraignment on October 16, 1998, and a warrant was issued for his arrest. Kilvington was located in the Boone County, Kentucky, jail on November 18, 1998, when a detainer was transmitted by the Hamilton County Sheriff's office. Kilvington appeared in court in Kenton County, Kentucky, on February 22, 1999. On February 23, 1999, he refused to sign a waiver. On March 3, 1999, Kilvington signed a waiver and was returned to Boone County. On March 22, 1999, Kenton County filed felony charges against Kilvington. On September 21, 1999, Kilvington was released to Boone County. On January 27, 2000, Kilvington was released to Greenup County, Kentucky, and a federal holder was issued. On April 14, 2000, Kilvington was in the Campbell County, Kentucky, jail. On August 3, 2000, a copy of the waiver was transmitted to the United States marshals. On January 24, 2001, Kilvington was in the federal prison in Ashland, Kentucky.
On February 8, 2001, Kilvington filed a request for disposition on pending charges with the Hamilton County Clerk's office. Kilvington was arrested, taken into custody, and served a copy of the indictment by the Hamilton County Sheriff's office. He was arraigned on April 13, 2001. On April 24, 2001, an entry of continuance was filed at Kilvington's request, and the matter was rescheduled to May 14, 2001. On May 14, 2001, the case was continued to June 8, 2001, by order of the court, and Kilvington did not waive time. Kilvington then filed a motion to dismiss on June 4, 2001, claiming that he had been denied his right to a speedy trial. On June 8, 2001, the trial court denied Kilvington's motion to dismiss and continued the matter to June 11, 2001 for a jury trial. On June 11, 2001, Kilvington entered a no contest plea. The trial court sentenced him to a total of one year in prison to run concurrently with his federal sentence.
Kilvington contends that he was not brought to trial within the time required by R.C. 2945.71(C)(2). He further contends that none of the provisions for an extension of time in R.C. 2945.72 were applicable. Kilvington relies solely on State v. Bailey[2], a Second District Court of Appeals decision, to support his argument. In Bailey, the court of appeals held that the defendant's statutory speedy-trial right was violated with regard to his Montgomery County, Ohio, prosecution because the state did exercise reasonable diligence by submitting a detainer to secure the defendant's availability while he was being held in jail in Hamilton County.
Because the facts in Kilvington's case are distinguishable from those in Bailey, Kilvington's reliance on Bailey is misplaced. The more applicable case is State v. Bates.[3] In Bates, the Second District Court of Appeals held that "what constitutes the exercise of reasonable diligence * * * might vary substantially from case to case." The court inBates agreed with the trial court's ruling that "[i]f the state can do nothing to compel the defendant's removal to Ohio, while confined in the out of state jail, then the placement of a detainer by the State is reasonable diligence to secure the defendant's availability."[4]
In this case, Kilvington, like the defendant in Bates, was being held in local jails outside of the state of Ohio. Upon learning of the pending charges in the Kentucky courts, Hamilton County officials promptly issued a detainer for Kilvington's arrest. Due to Kilvington's multi-jurisdiction crime spree, he was being held in one of four different county jails in the Commonwealth of Kentucky from November 1998 through 2001. He was, therefore, "unavailable" pursuant to R.C. 2945.72, and the speedy-trial time for his Ohio prosecution was extended until April 9, 2001. Because Hamilton County officials could do nothing to compel Kilvington's removal to Ohio, the placement of the detainer was "reasonable diligence" to secure his availability. The statutory speedy-trial time was further extended by thirty-six days when Kilvington's counsel requested two continuances and filed a motion to dismiss. Consequently, the state had until August 12, 2001, to bring him to trial. Given that Kilvington was brought to trial by June 11, 2001, we cannot say that his statutory speedy-trial rights were violated. As a result, we overrule the sole assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.
[1] (2000), 141 Ohio App.3d 144, 147, 149, 750 N.E.2d 603.
[2] See id.
[3] (Feb. 23, 2001), 2nd Dist. No. CA18414.
[4] See id.