OPINION
{¶ 1} On July 24, 2002, the Muskingum County Grand Jury indicted appellant, Jeremy Fowler, on two counts of trafficking in crack cocaine in violation of R.C. 2925.03, one a third degree felony and the other a fifth degree felony.
 {¶ 2} On July 25, 2002, appellant was arrested pursuant to an outstanding warrant in a municipal court case and was placed in the Zanesville County Jail to serve a seventy day sentence. On same date, appellant was given a copy of the aforementioned indictment and a detainer/holder was placed on appellant.
 {¶ 3} On October 16, 2002, appellant was served with the indictment. On same date, appellant was arraigned and a trial was scheduled for January 7, 2003. On the latter date, appellant filed a motion to dismiss for speedy trial violations under R.C. 2945.71. A hearing was held on January 22, 2003. By judgment entry filed January 29, 2003, the trial court denied said motion.
 {¶ 4} On February 25, 2003, appellant pled no contest to the charges. By judgment entry filed April 17, 2003, the trial court sentenced appellant to an aggregate term of two years in prison.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "The trial court erred in overruling appellant's speedy trial motion because when the Muskingum County Sheriff placed a detainer/holder for the charges of trafficking in cocaine on appellant on July 25, 2002, the detainer/holder was the functional equivalent of his being placed arrest under (sic) for the charges of trafficking in cocaine which qualified as his functional arrest for speedy trial calculations under R.C. 2945.71."
 II {¶ 7} "The trial court erred in overruling appellant's speedy trial motion because when appellant was held in the Zanesville Jail on misdemeanor charges, appellant's speedy trial time for the charge of trafficking of cocaine of (sic) under R.C. 2945.71 began when the arrest warrant was issued on the charge of trafficking of cocaine."
 III {¶ 8} "The trial court erred in overruling appellant's speedy trial motion because appellant was held for over 270 days for speedy trial purposes, and the state failed to exercise reasonable diligence to secure his availability under R.C. 2945.72."
 IV {¶ 9} "The trial court erred in overruling appellant's speedy trial motion because when the zanesville city correctional officer served appellant with a copy of his indictment after the Muskingum County Sheriff placed a detainer/holder on him, the serving of the documents for the charges of trafficking in cocaine was the functional equivalent of his being placed arrest under (sic) for the charges of trafficking in cocaine for speedy trial calculations under R.C. 2945.71."
 I, II, III, IV {¶ 10} Appellant claims the trial court erred in denying his motion to dismiss for speedy trial violations under R.C. 2945.71. We disagree.
 {¶ 11} The gravamen of appellant's argument is that the placing of the detainer/holder upon him while he was serving the municipal court sentence was the functional equivalent of an arrest. In support of this position, appellant cites the case of State v. Bailey (2000),141 Ohio App.3d 144, as being on all fours with this case. In Bailey at 147, our brethren from the Second District held the following:
 {¶ 12} "We have also noted that `[i]t is reasonably clear that the legislature has determined that the speedy trial clock begins to run with either an arrest or its functional equivalent.' State v. Brock (May 22, 1991), Montgomery App. No. 12227, unreported, 1991 WL 96313. And in Statev. Lloyd (Mar. 31, 1999), Montgomery App. No. 15927, unreported, 1999 WL 173017, we observed that issuing a detainer against an accused who has already been arrested on another charge has the same effect as if the individual had been arrested and confined on the charge that precipitated the detainer."
 {¶ 13} In Bailey, the defendant was not already serving a sentence on an unrelated charge as appellant sub judice. The defendant was arrested and awaiting trial on pending charges in Hamilton County when a detainer was placed on him by the Dayton Police Department. We find this distinction to be important because in this case, appellant was not available for trial on the indictment until his municipal court sentence was served or until the warrant on the indictment was actually served. As noted on the return of executed warrant filed October 18, 2002, the warrant on the indictment was served on October 16, 2002.[1]
 {¶ 14} Because appellant argues the detainer placed upon him on July 25, 2002 was the functional equivalent of an arrest, he argues the language of R.C. 2945.71(E) prevails:
 {¶ 15} "For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."
 {¶ 16} In this case, appellant was not "held in jail in lieu of bail on the pending charge" while he was serving his sentence on the municipal court charge even when said criminal sentence was for a misdemeanor.
 {¶ 17} Upon review, we find the trial court did not err in denying appellant's motion to dismiss.
 {¶ 18} Assignments of Error I, II, III and IV are denied.
 {¶ 19} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Edwards, J. concur.
[1] This date places the trial court's disposition of the case within the guidelines of R.C. 2945.71.