DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Ronald D. Rumer, appeals the May 8, 2007 judgment of the Lucas County Court of Common Pleas in which appellant, upon entering a no contest plea, was convicted of failure to appear, in violation of R.C. 2937.29 and *Page 2 
2937.99(A), (B), and was sentenced to six months of incarceration. Because we find that appellant's speedy trial rights were violated, we reverse the trial court's judgment.
 {¶ 2} A brief recitation of the facts is as follows. Appellant was convicted of several felonies in Florida in 2003-2004. He served his probation related to these convictions under the supervision of Ohio authorities, as permitted and overseen by the Interstate Commission for Adult Offender Supervision ("ICAOS"). R.C. 5149.21. Appellant, when entering this multi-state parole program, signed a waiver that explicitly stated he could be transported back to Florida without any further hearings or notice.
 {¶ 3} At Florida's instruction, the Ohio authorities issued a fugitive warrant and subsequently arrested appellant on January 5, 2006. Appellant was released on bond and a hearing was set for January 12, 2006. On the date of the hearing, appellant failed to appear. On January 18, 2006, appellant was indicted for his failure to appear and an arrest warrant was issued January 19, 2006. On February 24, 2006, appellant was arrested in Ohio for the failure to appear charge. On March 2, the trial date was scheduled for April 24, 2006; appellant was also granted bond, which he posted on March 7, 2006. On March 14, 2006, the Lucas County Sheriffs Office arrested appellant, giving as cause/authority both the fugitive warrant of January 5, 2006, issued on behalf of Florida and the January 19, 2006 warrant for the failure to appear charge. Appellant was then extradited to Florida, without a hearing, and was incarcerated in that state from March 30 through December 8, 2006. Meanwhile, his Ohio trial date of April 24, 2006, *Page 3 
passed and an arrest warrant was issued due to appellant's failure to appear for trial.[1] On December 12, 2006, shortly after appellant's release from the Florida prison system, appellant was arrested in Ohio on the outstanding warrant.
 {¶ 4} On December 21, 2006, appellant filed a motion to dismiss based on the speedy trial violation. On February 22, 2007, the court denied the motion finding that appellant agreed to extradition to Florida by virtue of signing the waiver and, as such, the time appellant spent imprisoned in Florida properly tolled the speedy trial time calculation. On February 28, 2007, appellant withdrew his not guilty plea and entered a plea of no contest to the failure to appear charge. Appellant was found guilty and sentenced to six months of imprisonment; the sentence was stayed pending appeal.
 {¶ 5} Appellant timely appealed and raises a single assignment of error for our review:
 {¶ 6} "I. Appellant's right to a speedy trial, as guaranteed by R.C. 2945.71 and the Sixth Amendment of the U.S. Constitution and Art. I, Sec. 10 of the Ohio Constitution was violated."
 {¶ 7} Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial statutes involves a mixed question of law and fact. State v. Brown (1998),131 Ohio App.3d 387, 391. We accord reasonable deference to the trial court's findings of fact if supported by competent, credible evidence. However, *Page 4 
we independently determine whether the trial court properly applied the law to the facts of the case. Id. Furthermore, when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. Brecksville v. Cook,75 Ohio St.3d 53, 57, 1996-Ohio-171.
 {¶ 8} If the defendant is not brought to trial within the statutory time frame, he "shall be discharged." R.C. 2945.73(B). "The rationale supporting [the speedy-trial statute] was to prevent inexcusable delays caused by indolence within the judicial system.'" State v. Brown,98 Ohio St.3d 121, 2002-Ohio-7040, ¶ 24, quoting State v. Ladd (1978),56 Ohio St.2d 197, 200. However, a delay caused by the defendant can also toll the speedy trial time. State v. Bauer (1980), 61 Ohio St.2d 83, 85.
 {¶ 9} Appellant was charged with failure to appear, a fourth degree felony. Pursuant to R.C. 2945.71(C)(2), for felony charges a trial must be held within 270 days of arrest or service of summons in order to effectuate a speedy trial. It is well-established that the Ohio speedy trial statute is mandatory, constitutional, and must be construed strictly against the state. See, e.g., State v. Singer (1977),50 Ohio St.2d 103. Once a criminal defendant shows that he was not brought to trial within the permissible period, the accused presents a prima facie case for dismissal. State v. Howard (1992), 79 Ohio App.3d 705, 707. At that point, the burden shifts to the state to demonstrate that sufficient time was tolled or extended under the statute. State v.Butcher (1986), 27 Ohio St.3d 28, 31. *Page 5 
 {¶ 10} Here, the critical arrest date of February 24, 2006, plus 270 days is November 21, 2006. The trial date of February 28, 2007, is past this deadline. The appellant has shown prima facie that his speedy trial rights were violated. The state, then, is required to show that sufficient time was extended under R.C. 2945.72. The relevant sections are:
 {¶ 11} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
 {¶ 12} "(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;
 {¶ 13} "* * * ;
 {¶ 14} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."
 {¶ 15} The state has met its burden with regard to subsection (H). The actual trial date of February 28, 2007, was originally set for December 14, 2006. At that time, the matter was continued to allow time for appellant to file a motion to dismiss. The delay from December 14, 2006 to February 28, 2007, was clearly at the request of the appellant, and no one disputes this fact. So, this delay does not count against the state in *Page 6 
the speedy trial calculation. However, even if appellant had been brought to trial on December 14, 2006, that date is still past the 270 days from his initial arrest.
 {¶ 16} Accordingly, the issue is whether the appellant's time spent incarcerated in Florida, between March 30, 2006 and December 8, 2006, tolled the time used in speedy-trial calculations. If appellant's Florida prison stay does not toll the time, then his right to a speedy trial was violated. However, if the Florida prison stay of 253 days tolls the speedy-calculation time, then the December 14, 2006 date is well within the speedy trial deadline.
 {¶ 17} The 253 days spent in the Florida prison are to be counted against the state. R.C. 2945.72(A) expresses the clear directive that the prosecution exercise "reasonable diligence to secure [the defendant's] availability." The extensions of time permitted by R.C. 2945.72 are to be strictly construed against the state. State v.Singer, 50 Ohio St.2d at 109. In addition, the prosecution and the trial courts are under a mandatory duty to comply with R.C. Sections 2945.71
through 2945.73. These provisions "implement the constitutional right of speedy trial and set forth mandates to which strict adherence is required, that the burden to timely try a defendant rests upon the prosecution and trial courts and that a defendant is not required to either demand a timely trial or object to a trial setting outside the [speedy trial] periods * * *." State v. Wentworth (1978),54 Ohio St.2d 171, 173.
 {¶ 18} The foregoing demonstrates that it is incumbent on the prosecution to show that it made good faith, reasonable efforts to bring appellant to trial during the period he *Page 7 
was in custody. State v. Pickens (July 1, 1983), 6th Dist. No. E-83-4. It is not necessary that the state pay for appellant's travel from Florida to Ohio to appear at a court date for a fourth degree felony charge. Where a defendant is serving a sentence on an unrelated charge, the state can show diligence by, for example, simply taking steps to secure a defendant's appearance by issuing a holder and detainer instructing authorities in another jurisdiction of the necessity that a defendant appear to answer charges against him. See, e.g., State v.Miller (Aug. 14, 2000), 12th Dist. No. CA99-06-098; State v.Fowler, 12th Dist. No. CT2003-0026, 2003-Ohio-7099. Here, the record reveals nothing to that effect.
 {¶ 19} The state argues that, because appellant signed a waiver upon entering the multi-state parole program he agreed "not to resist or fight any effort by any state to return [him] to the sending state" and he agreed "to waive any right [he had] to extradition," and once appellant was returned to Florida, the time he was imprisoned on the Florida charge tolled the speedy trial time limit. However, waiving extradition proceedings is not the same as waiving the right to a speedy trial. Appellant's assignment of error is well-taken.
 {¶ 20} On consideration whereof, we find that appellant was prejudiced or prevented from having a fair proceeding and the judgment of the Lucas County Court of Common Pleas is reversed. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR.
[1] On May 4, 2006, the Florida fugitive warrant case, case No. L-06-1017, was dismissed following notification to the court that appellant had been returned to Florida. The trial judge, prosecutor, and defense attorney were identical to those in this case. *Page 1